**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Harry Kersey,
    Petitioner

vs                                     Case No. 1:02cv458
                                          (Dlott, J.; Black, M.J)

Harry Russell,
    Respondent

**REPORT AND RECOMMENDATION**

Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, through counsel, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition, respondent's answer, and petitioner's traverse (Docs. 1, 4, 9).

The 1998 term of the Hamilton County, Ohio grand jury returned an indictment charging petitioner with three counts of rape as defined in Ohio Rev. Code § 2907.02(A)(1)(b) with specifications. (Doc. 4, Ex. A). A jury found petitioner guilty as charged. (*Id.,* Ex. C). On May 17, 1999, the Court sentenced petitioner to life in prison on each count to run concurrently and petitioner was adjudicated a sexual predator. (Doc. 4, Ex. E).

On May 17, 1999, petitioner through counsel filed a motion for a new trial alleging that his conviction was not sustained by sufficient evidence and was against the manifest weight of the evidence. (Doc. 4, Ex. G). On that same date, the trial court denied the motion. (*Id.,* Ex. H).

With the assistance of new counsel, petitioner filed a timely appeal to the Ohio

Court of Appeals, raising the following assignments of error:

> 1. The Jury's finding of Harry Kersey Guilty of three separate counts of rape, as defined by Ohio Revised Code 2907.02(A)(1)(B) was in error, as the State failed to prove him Guilty Beyond a Reasonable Doubt.
>
> 2. Egregious misconduct by the Prosecutor in opening statement and closing argument was so prejudicial as to deny Defendant a fair trial.
>
> 3. Kersey was denied effective assistance of counsel when his attorney failed to introduce records from the Hamilton County Department of Human Services and City of Cincinnati Police which would support his innocence of this charge.

(Doc. 4, Ex. N). On April 19, 2000, the Ohio Court of Appeals overruled each assignment of error and affirmed the judgment of the trial court. (*Id.*, Ex. P). The Court made the following findings of fact concerning the underlying offenses, which are entitled to a presumption of correctness:[1]

> The first count alleged a rape that occurred on an undetermined date in January 1995, the second rape in the same month and year, and the third on another undetermined date in May 1998. The birthdate of the victim was March 6, 1986.
>
> Evidence adduced by the prosecution arguably demonstrated that, during the time periods specified in the several counts, Kersey was the boyfriend of the victim's natural mother and was living with her on a regular basis.

---

[1] 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Petitioner failed to rebut the court's findings with clear and convincing evidence.

> According to the child's testimony, Kersey's conduct began with cunnilingus and progressed to frequent acts of intercourse committed in the absence of her mother. It was not until mid-August 1998, when the child was temporarily in the home of a female relative, that she felt safe enough to divulge the details of Kersey's behavior. An expert, whose qualifications were stipulated, testified that the condition of the child's vaginal area was consistent with her description of Kersey's act.

(*Id*. at 2). Petitioner did not pursue an appeal to the Supreme Court of Ohio. (Doc. 4 at 4).

On February 11, 2000, petitioner filed a petition to vacate or set aside judgment pursuant to Ohio Rev. Code § 2953.21 on the ground that his trial counsel was constitutionally ineffective for failing to discover and introduce evidence demonstrating that petitioner did not live at the location where the victim specified two of the rapes took place until one year after the rapes allegedly occurred. (Doc. 4, Ex. R). On March 30, 2000, the state trial court issued its Findings of Fact and Conclusions of Law denying relief. (*Id.*, Ex. T).

Petitioner, through counsel, pursued an appeal to the Ohio Court of Appeals and on February 21, 2001, the Ohio Court of Appeals affirmed the trial court's denial of post-conviction relief. (*Id.,* Ex. Y). A further appeal to the Supreme Court of Ohio resulted in the Court's declining jurisdiction and dismissing the appeal as not involving any substantial constitutional question. (*Id.*, Exs. A1, B1, D1).

Petitioner filed the instant petition for a writ of habeas corpus raising the following grounds for relief and supporting facts, which are quoted verbatim:

> **Ground One:** Trial counsel provided Mr. Kersey with ineffective assistance of counsel by spending only thirty minutes on pretrial investigation despite his awareness of exculpatory evidence. There is a reasonable probability such exculpatory evidence would have affected the outcome of Mr. Kersey's trial.
>
> **Supporting Facts:** Trial counsel was aware

> Mr. Kersey could not have raped his step daughter in the time and place set forth in the indictment because the family did not live at that address until over a year later. Because counsel unreasonably spent only thirty minutes on the pretrial investigation, he did not submit evidence to this effect to the jury. There is a reasonable probability this affected the outcome of Mr. Kersey's trial.
>
> **Ground Two:** Mr. Kersey was denied due process of law with regards to Ohio's post-conviction petition process.
>
> **Supporting Facts:** In dismissing Mr. Kersey's post-conviction petition, the state court failed to follow Ohio statutory rules. The state court adopted findings of fact and conclusions of law *in toto* that were drafted by the prosecution and denied Mr. Kersey a hearing on his claims. Further, the state court denied Mr. Kersey the opportunity to respond to the state's motion to dismiss his petition by ruling on the matter before time had elapsed for Mr. Kersey to respond.

(Doc. 1 at 5).

### I. Petitioner is not entitled to habeas corpus relief on the basis of his ineffective assistance of trial counsel claim asserted as ground one.

In his first ground for relief, petitioner contends that counsel's failure to secure and introduce evidence demonstrating that petitioner was not living at the location specified by the victim at the time of the rapes alleged in counts one and two amounted to ineffective assistance of counsel.

At trial Shannon testified that she was twice sexually assaulted by petitioner in January 1995 at a Queen City Avenue residence when she was eight years old. (Doc. 4, Ex. F, Tr. 209-201, 224-225). Counts one and two of the indictment specified that

the rapes occurred in January of 1995, but did not indicate their location. (*Id.*, Ex. A). The bill of particulars stated both the Queen City Avenue location and the January 1995 date. (*Id.,* Ex. R, attachment Ex. B).

At trial defense counsel was apparently aware that petitioner did not live at the Queen City Avenue address in January 1995, cross examining Shannon and her mother on this point. (Doc. 5, Ex. F, Tr. 174, 224-226). He did not, however, introduce any independent evidence proving that petitioner did not live at the Queen City Avenue address during the time in question. In his state post-conviction petition, petitioner attached such documentation (*id.,* Ex. R at 6-7), which the state conceded demonstrated that petitioner, the victim, and her mother did not live at the Queen City address until January 1996 (*id.,* Ex. S at 5). In its motion to dismiss the post-conviction petition, the state argued as follows:

> The defendant's evidentiary documents show that the victim was confused about when she moved to Queen City Avenue. It was January, 1996, not January, 1995. However, the defendant's documents do not negate the fact that the rapes occurred. At best, they show that the rapes occurred in January, 1996, rather than January, 1995. As the Court is aware, the date that an offense occurs is not an essential element of the crime.

(*Id.* at 5-6). In denying his petition for post-conviction relief, the state trial court made the following findings of fact:

> (1) The testimony of the victim, and the bill of particulars provided by the state indicates the offense occurred at an apartment on Queen City Avenue in January, 1995.
>
> (2) At trial, defense counsel asked the victim if in fact she did not live on Queen City Avenue until after January, 1995. (T.p. 224-225)
>
> (3) Defendant's Exhibits D, E, F and G indicate, and the state does not challenge, that the victim did not live on Queen City Avenue until January, 1996. Such information could have been produced at trial had defendant made trial counsel aware of its existence.
>
> (4) None of the exhibits provided by the defendant are sufficient to raise

5

an issue of ineffective assistance of counsel as to count three of the indictment.

(5) The evidence of guilt at trial was overwhelming and uncontroverted.

(Doc. 4, Ex. T at 1-2). The trial court made the following conclusions of law:

(1) The date of an offense is not an essential element.

(2) In order to demonstrate a claim of ineffective assistance of counsel, a defendant must show a reasonable probability that the outcome of trial would have been different but for counsel's error.

(3) Had the information in defendant's exhibits in his post-conviction been produced at trial, there is not a reasonable probability that the outcome would have been different. Those exhibits challenge only the date of the offense, not the occurrence of the offense(s).

(4) None of defendants evidentiary documents are sufficient to raise any issues as to counsel's performance regarding Count Three of the indictment.

(*Id.* at 2) [citations omitted]. The Ohio Court of Appeals rejected petitioner's ineffective assistance of counsel claim, holding that "Kersey failed to show that his trial, due to his counsel's ineffectiveness, was so demonstrably unfair that there was a reasonable probability that the result would have been different absent counsel's deficient performance." (Doc. 4, Ex. Y at 2).

Under the standard established by the Antiterrorism and Effective Death Penalty Act (AEDPA), codified principally at 28 U.S.C. § 2254 (d), petitioner is not entitled to federal habeas corpus relief, unless the state court's adjudication of his claim resulted in a decision that (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See* 28 U.S.C. § 2254(d); *see also Williams v. Taylor,* 529 U.S. 362, 402-03 (2000) (O'Connor, J., writing for majority on this issue); *Harris v. Stovall,* 212 F.3d 940, 942 (6th Cir. 2000), *cert. denied,* 532 U.S. 947 (2001); *Harpster v. Ohio,* 128 F.3d 322, 326 (6th Cir. 1997), *cert.*

*denied,* 522 U.S. 1112 (1998). A state court decision is "contrary to" clearly established federal law as determined by the Supreme Court under § 2254(d)(1) if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams,* 529 U.S. at 405-06 (O'Connor, J.); *Harris,* 212 F.3d at 942.

An "unreasonable application" of Supreme Court precedent occurs (1) if the state court identifies the correct legal standard but unreasonably applies it to the facts of the case, or (2) if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams,* 529 U.S. at 407-08 (O'Connor, J.). A federal habeas corpus court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411 (O'Connor, J.); *see also McGhee v. Yukins,* 229 F.3d 506, 510 (6th Cir. 2000); *Harris,* 212 F.3d at 942. The reasonableness inquiry is an objective one; it does not involve a subjective inquiry into whether or not reasonable jurists would all agree that the state court's application was unreasonable. *Williams,* 529 U.S. at 409-10 (O'Connor, J.); *see also Washington v. Hofbauer,* 228 F.3d 689, 698 (6th Cir. 2000); *Harris,* 212 F.3d at 942-43. Moreover, the writ may issue only if the application is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee,* 229 F.3d at 510, 512 (citing *Williams,* 529 U.S. at 412).

To demonstrate that counsel's performance was constitutionally ineffective, petitioner must show: (1) his counsel made such serious errors that he was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced the defense by undermining the reliability of the result. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The Court may dispose of an ineffective assistance of counsel claim by finding that petitioner made an insufficient showing on either ground. *See id.* at 697.

Under the first prong of the *Strickland* test, petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case. *See id.* at 688. Judicial scrutiny of counsel's performance must be highly deferential, and a "fair assessment of attorney

7

performance requires that every effort be made to eliminate the distorting effects of hindsight" and to evaluate the challenged conduct from counsel's perspective at the time of the conduct. *Id.* at 689. In determining whether or not counsel's performance was deficient, the Court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See id.*

In order to satisfy the "prejudice" prong of the *Strickland* test, petitioner must show that a "reasonable probability" exists that, but for his counsel's errors, the result of the criminal proceedings would have been different. *See id.* at 694. A showing by petitioner that the alleged errors had "some conceivable" effect on the outcome of the proceeding is insufficient to meet this standard. *See id.* at 693. However, by the same token, petitioner need not demonstrate that his counsel's conduct "more likely than not" altered the outcome of the proceeding to establish prejudice. *See id.* Petitioner has met his burden if he shows that the decision reached would "reasonably likely have been different absent the errors." *See id.* at 695.

This Court agrees with the state courts' conclusion that had trial counsel presented evidence that petitioner did not reside at the Queen City address until January 1996, the outcome of the trial would not have changed. While the victim's mistake as to the date could arguably have affected her credibility, it would not likely have affected the jury's assessment as to whether the crime took place. The jury could readily understand how a twelve year old girl might confuse the exact date of the crime, but they are not likely to assume that her confusion extends to her recollection of the rapes.

Moreover, if defense counsel had introduced evidence that petitioner resided at the Queen City Avenue address in January 1996, not January 1995, the state likely would have moved to amend the indictment to reflect the correct date. Ohio Rule of Criminal Procedure 7(D) provides in pertinent part:

> The court may at any time before, during, or after a trial amend the indictment . . . in respect to any defect, imperfection or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged.

In this case, an amendment would have merely changed the date of the offenses and therefore, would have been permitted under Rule 7. *See, e.g., State v. McBooth,* No. 82811, 2004 WL 743873, at *4 (Oh. Ct. App. April 8, 2004); *State v. Denkins*, No. C-

030518, 2004 WL 690408, at *4-5 (Oh. Ct. App. April 2, 2004) (child's inability to recall specific date in rape case led to amendment); *State v. Hibbard,* No. CA2001-12-276, 2003 WL 352453, at *7-8 (Oh. Ct. App. Feb. 18, 2003), *appeal dismissed*, 795 N.E.2d 55 (Ohio 2003); *State v. Shafer,* No. 79758, 2002 WL 31722127, at *2-5 (Ohio Ct. App. Dec. 5, 2002), *appeal dismissed,* 786 N.E. 2d 902 (Ohio 2003). *But see State v. Barnecut,* 542 N.E.2d 353 (Ohio Ct. App.), *appeal dismissed*, 532 N.E.2d 765 (Ohio 1988). In particular when an indictment involves child sexual abuse where the young victim may be reasonably unable to remember the exact dates, "an allowance for reasonableness and inexactitude must be made" concerning the dates of the offenses. *State v. Fulton,* No. CA2002-10-085, 2003 WL 22326575, at *4 (Ohio Ct. App. Oct. 13, 2003) (citing *State v. Daniels,* 647 N.E.2d 174 (Ohio Ct. App. 1994), *appeal dismissed*, 644 N.E.2d 1028 (Ohio 1995) and *Barnecut,* 542 N.E.2d 353), *appeal dismissed*, 804 N.E.2d 42 (Ohio 2004). Petitioner would not have been prejudiced by the amendment because he did not assert an alibi defense, but instead argued that the offenses did not take place. (Doc. 5, Ex. F, Tr. 279). *Cf. Shafer,* 2002 WL 31722127, at *5; *State v. Crawford,* No. 62491, 1993 WL 302388, at *4-5 (Ohio Ct. App. Aug. 5, 1993), *appeal dismissed*, 624 N.E.2d 194 (Ohio 1993). Once an amendment had been made and the jury instructions altered to reflect it, there is scant reason to believe that the verdict would have changed. Accordingly, petitioner has failed to show that he was prejudiced by trial counsel's failure to obtain and present evidence that petitioner did not reside on Queen City Avenue until after January 1995, the date of the rapes charged in counts one and two.

Petitioner draws this Court's attention to *Valentine v. Huffman*, 285 F.Supp.2d 1011 (N.D. Ohio 2003) as additional authority in support of his ineffective assistance of counsel claim. (*See* Doc. 10). In *Valentine*, the indictment contained 20 identical counts of rape and 20 identical counts of felonious sexual penetration of a minor and each count charged that the crime occurred between March 1, 1995 and January 16, 1996. 285 F.Supp.2d at 1013-1014. The indictment did not state any particular place or circumstances and the bill of particulars did not cure the lack of specificity. *Id*. at 1015, 1024. The defendant was convicted of all charges, but the Ohio Court of Appeals dismissed five felonious sexual penetration counts. *Id.* at 1026. Pursuant to *Russell v. United States*, 369 U.S. 749 (1962), the Federal District Court determined that the indictment violated due process. *Id*. at 1014. "Under *Russell*, an indictment must (1) contain the elements of the offense charged; (2) provide the defendant adequate notice of the charges against which he must defend; and (3) provide protection against double jeopardy by enabling the defendant to plead an acquittal or conviction to bar future prosecutions for the same offense." *Valentine*, 285 F.Supp.2d

at 1023 (citing *Russell*, 369 U.S. at 763-764). The Federal District Court determined that the indictment failed to meet *Russell*'s third mandate because it imperiled defendant's ability to invoke the convictions or dismissals for double jeopardy purposes since all counts of rape and all counts of felonious sexual penetration were identical.[2] *Id.* at 1025. The Court distinguished the unconstitutional indictment in *Valentine* with its "carbon copy" counts from indictments in other cases where particulars are given as to each count including different time frames, different victims, specific places and circumstances. *Id.* at 1014, 1026-1027.

Assuming, *arguendo*, that *Valentine* is relevant to petitioner's first ground for relief, there is a glaring difference between the indictment in that case and the indictment in the case at hand. Although the first and second counts of the Kersey indictment allege that both crimes were committed in January 1995 and the bill of particulars states that both crimes occurred at the Queen City Avenue address, the indictment specifies that the offending conduct was different for each count. (Doc. 4, Exs. A, R, attachment Ex. B). Count one identifies the offending sexual conduct as cunnilingus and count two identifies the conduct as vaginal intercourse. (Doc. 4, Ex. A). Because the counts in this case are factually dissimilar, *Valentine* is not on point.

In any event, the issue in *Valentine* is different from the claim presented by petitioner. In his petition and in his state post-conviction application, petitioner does not challenge the indictment as constitutionally flawed nor does he assert that counsel erred in failing to challenge the indictment. (Doc. 1 at 5; Doc. 4, Ex. R). Instead, he claims that his counsel was ineffective for failing to discover and produce evidence that he did not live at the Queen City Avenue address where the crimes allegedly occurred until one year after the date alleged in the indictment. (*Id.*). In his petition and in the state court proceedings, petitioner argues that such evidence was relevant because it was exculpatory, not because it pertained to the constitutionality of the indictment. (*Id.*). Moreover, counsel's failure to discover independent evidence that the date provided by the victim was inaccurate would only have hindered his ability to challenge the *accuracy* of the indictment, not the specificity of the indictment

---

[2]The *Valentine* Court found that the indictment satisfied the first *Russell* mandate because it contained the elements of the offenses charged and did not need to include the specific date because time was not an element of the offenses of rape and felonious sexual penetration. 285 F.Supp.2d at 1024. The Court left open the issue of whether the indictment met the second *Russell* requirement, i.e., providing adequate notice of the charges, calling it a "difficult question to answer." *Id.* at 1024-1025.

10

which was the issue in *Valentine*. Because counts one and two refer to the time span of one month, i.e., January 1995, as opposed to an exact day, counsel could have made the specificity argument even in the absence of evidence that the year was inaccurate.

Accordingly the decision of the Ohio Court of Appeals affirming the ruling of the trial court denying post-conviction relief was neither contrary to nor involved an unreasonable application of the Supreme Court's decision in *Strickland* and was not unreasonable in light of the record evidence. Since petitioner has not demonstrated that counsel's alleged error prejudiced the outcome of the case, petitioner has not shown that he is entitled to habeas corpus relief on the basis of his ineffective assistance of trial counsel claim, asserted as his first ground in the petition.

## II. Petitioner's second ground for relief is not cognizable in these proceedings.

As his second ground for relief, petitioner argues that the state trial court denied him due process of law in his post-conviction proceeding.

The writ of habeas corpus is not the proper means by which prisoners should challenge errors or deficiencies in state post-conviction proceedings because the claims address collateral matters and not the underlying conviction giving rise to the prisoner's incarceration. *Johnson v. Collins,* No. 96-3513, 1998 WL 228029 at *1 (6th Cir. April 27, 1998); *Kirby v. Dutton,* 794 F.2d 245, 247 (6th Cir. 1986); *Payne v. Bell,* No. 98-2963-D/BRE, 2002 WL 480936, at *1-2, *14 n.3 (W.D. Tenn. March 25, 2002) and cases cited therein. Accordingly, petitioner's second ground for relief should be denied on the ground that the claim is not cognizable on federal habeas corpus review.

### IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED with prejudice.

2. A certificate of appealability should not issue with respect to petitioner's grounds for relief because petitioner has failed to make a substantial showing of the denial of a constitutional right remediable in this federal habeas corpus proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Petitioner has not shown that


which was the issue in *Valentine*. Because counts one and two refer to the time span of one month, i.e., January 1995, as opposed to an exact day, counsel could have made the specificity argument even in the absence of evidence that the year was inaccurate.

Accordingly the decision of the Ohio Court of Appeals affirming the ruling of the trial court denying post-conviction relief was neither contrary to nor involved an unreasonable application of the Supreme Court's decision in *Strickland* and was not unreasonable in light of the record evidence. Since petitioner has not demonstrated that counsel's alleged error prejudiced the outcome of the case, petitioner has not shown that he is entitled to habeas corpus relief on the basis of his ineffective assistance of trial counsel claim, asserted as his first ground in the petition.

## II. Petitioner's second ground for relief is not cognizable in these proceedings.

As his second ground for relief, petitioner argues that the state trial court denied him due process of law in his post-conviction proceeding.

The writ of habeas corpus is not the proper means by which prisoners should challenge errors or deficiencies in state post-conviction proceedings because the claims address collateral matters and not the underlying conviction giving rise to the prisoner's incarceration. *Johnson v. Collins,* No. 96-3513, 1998 WL 228029 at *1 (6th Cir. April 27, 1998); *Kirby v. Dutton,* 794 F.2d 245, 247 (6th Cir. 1986); *Payne v. Bell,* No. 98-2963-D/BRE, 2002 WL 480936, at *1-2, *14 n.3 (W.D. Tenn. March 25, 2002) and cases cited therein. Accordingly, petitioner's second ground for relief should be denied on the ground that the claim is not cognizable on federal habeas corpus review.

### IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED with prejudice.

2. A certificate of appealability should not issue with respect to petitioner's grounds for relief because petitioner has failed to make a substantial showing of the denial of a constitutional right remediable in this federal habeas corpus proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Petitioner has not shown that

reasonable jurists could debate whether these claims should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell,* 537 U.S. 322, 323-324 (2003) (quoting *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)) (in turn quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)).

      3.  With respect to any application by petitioner for *in forma pauperis* status for the purposes of pursuing an appeal of an order adopting this report and recommendation, this Court should certify that pursuant to 28 U.S.C. § 1915 (a) an appeal of this order would not be taken in "good faith," and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis*.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:  July 2, 2004                          S/Timothy S. Black
     hr                                        Timothy S. Black
                                                           United States Magistrate Judge


J:\ROSENBEH\2254(2004)\02-458iac&pc.wpd

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Harry Kersey,
    Petitioner

vs                                        Case No. 1:02cv458
                                               (Dlott, J.; Black, M.J

Harry Russell,
    Respondent

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled action. Pursuant to Fed. R. Civ. P. 72(b), any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).