IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HARRY KERSEY, | : | |
| Petitioner, | : | |
| -vs- | : | CASE NO.  1:02CV458 |
| HARRY RUSSELL, WARDEN, | : | JUDGE DLOTT |
| Respondent. | : | MAGISTRATE JUDGE BLACK |

___

**OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION**
___

| | |
|---|---|
| | DAVID H. BODIKER #0016590 |
| | Ohio Public Defender |
| JIM PETRO #0022096 | |
| Ohio Attorney General | JOHN FENLON #0042395 |
| | Assistant State Public Defender |
| MARK ZEMBA #0034373 | Counsel of Record |
| Assistant Attorney General | |
| | Office of the Ohio Public Defender |
| Corrections Litigation Section | 8 East Long Street – 11th Floor |
| 615 West Superior Avenue | Columbus, Ohio 43215 |
| Cleveland, Ohio 44113-1899 | (614) 466-5394 |
| (216)787-3030 | (614) 752-5167 – FAX |
| mzemba@ag.state.oh.us | fenlonj@opd.state.oh.us |
| COUNSEL FOR RESPONDENT | COUNSEL FOR PETITIONER |

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. §2254(d), a writ of habeas corpus should be granted if the state court proceedings (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  In making the "unreasonable application" inquiry, the habeas court should ask whether the state court's application of clearly established federal law was "objectively unreasonable."  Williams v. Taylor, 529 U.S. 362, 409 (2000).  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the petitioner's case. Id at 412-13.

**INTRODUCTION**

This case concerns two constitutional principles: the right to adequate notice of an accusation and the right to the effective assistance of counsel.  The federal guarantee of charge by indictment does not apply to the states at all.  Lucas v. O'Dea, 179 F.3d 412, 417 (6th Cir. 1999).  However, a state prisoner petitioning for habeas corpus relief has a due process right to be informed of the nature of the accusations against him.  See Combs v. Tennessee, 530 F.2d 695, 698 (6th Cir.), *cert. denied*, 425 U.S. 954 (1976). The accused also possesses a constitutional right to the effective assistance of counsel.  Strickland v. Washington, 466 U.S. 668, 686 (1984).

These constitutional principles were cast aside in the instant case, when Harry Kersey was convicted for offenses which irrefutably did not occur on the date and location charged, if

1

they occurred at all, and trial counsel failed to demonstrate the same. Although his client faced three life sentences, counsel incredulously devoted only 7½ hours to out-of-court preparation, including 30 minutes of investigation. It showed. After the case was sent to the jury, counsel explained to the court that evidence demonstrating that the parties were not residing in the home at the time was not offered because it entailed a police report concerning other crimes.

Counsel's failure to utilize other means denied Kersey the effective assistance of counsel. As demonstrated during state post-conviction proceedings, other forms of proof existed. Notwithstanding this evidence, the trial court denied Kersey post-conviction relief without a hearing. The court's entry simply mirrored the state's proposed entry, and was filed before Kersey's period to respond. (Return of Writ, Ex. T). The Ohio court of appeals denied Kersey's motion to remove the case from the accelerated calendar and subsequently issued a cursory ruling affirming the trial court. (Return of Writ, Ex. Y). The appellate court's findings that Kersey was not denied the effective assistance of counsel was contrary to or an unreasonable application of, clearly established federal law as determined by the Supreme Court, warranting habeas relief. Williams 529 U.S., at 402-03 (2000).

While the state still concedes that the offenses did not occur at the time charged, it nevertheless contends that it does not matter, and the Magistrate agrees. Notice, however, does matter. So does the effective representation of counsel. Both requirements were absent at Kersey's trial, and as a result, this Court should issue the writ. Kersey submits the instant objections respectfully demonstrating the Magistrate's faulty constitutional analysis.

## Argument

## FIRST GROUND FOR RELIEF

**Trial counsel provided Mr. Kersey with ineffective assistance of counsel by spending only thirty minutes on pretrial investigation despite his awareness of exculpatory evidence. There is a reasonable probability such exculpatory evidence would have affected the outcome of Mr. Kersey's trial.**

### Introduction

Harry Kersey was denied the effective assistance of counsel, where counsel spent a total of 7½ hours preparing for a child rape case, including 30 minutes of investigation, notwithstanding possessing some evidence that the offenses could not have occurred on the date and at the location set forth in the indictment. Counsel's failure to further investigate, and the resulting failure to adequately demonstrate that the offenses could not have occurred as charged, fell short of the Sixth Amendment. This Court must reject the Magistrate's recommendation that the writ not issue.

### Right to Notice of Accusation

The Sixth Amendment required the Government to inform Kersey "of the nature and cause of the accusations." Bartell v. United States, 227 U.S. 427, 431 (1913); Campiti v. Matesanz 186 F.Supp.2d 29, 54 (D. Mass 2002), *aff'd*, 333 F.3d 317 (1st Cir. 2003). To comport with the Federal Constitution an indictment shall advise the accused of the nature and cause of the accusation against him in order that he may meet the accusation and prepare for his trial and that, after judgment, he may be able to plead the record and judgment in bar of further prosecution for the same offense. United States v. Dickerson, 337 F.2d 343, 345 (6th Cir. 1964). Section 10, Article I of the Ohio Constitution similarly protects the accused. State v. Sellards, 478 N.E.2d 781, 783 (Ohio 1985).

**Right to Effective Representation**

The Federal Constitution also guarantees the accused the effective assistance of counsel. The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Strickland v. Washington 466 U.S. 668, 686 (1984). Strickland presents a two prong test in determining whether counsel was constitutionally ineffective.

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
>
> Id. at 687

In Strickland, the Supreme Court found that trial counsel has a "duty to investigate" and that to discharge that duty, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691; see also Mitchell v. Mason 325 F.3d 732, 743 (6th Cir. 2003) (Applying United States v. Cronic 466 U.S. 648 (1984), pre-trial period constitutes a "critical period" because it encompasses counsel's constitutionally imposed duty to investigate the case.). Kersey's federal habeas petition presents a textbook example of the ineffective assistance of counsel, where evidence demonstrating that the offenses could not have occurred on the date and at the location charged in the indictment was not adequately presented.

**Discussion**

Like any child sexual abuse allegation, the underlying circumstances in this case are indeed troubling. However, it is in precisely such impassioned situations that courts must be extra vigilant. "Allegations of child abuse raise strong emotions that render people prone to forget legal strictures. This is all the more reason why the courts should be especially vigilant to protect the rights of both adult and child in cases of this type." Schmitt v. State, 590 So.2d 404, 417-18 (Florida 1991), (Kogan, J., concurring in part). Harry Kersey seeks a writ of habeas corpus from this Court for the purposes of undoing an unjust conviction.

The indictment charged that Kersey raped the victim twice in January of 1995 and once in May of 1996. A bill of particulars specified that Kersey twice raped the victim while they resided on Queen City Avenue in Cincinnati, Ohio. The bill of particulars did not specify a location as to the third count. (Return of Writ, Exhibit R). The jury was instructed as to these dates and ultimately returned guilty verdicts. (Return of Writ, Ex. C). Kersey was sentenced to three terms of life incarceration. (Return of Writ, Ex. E).

Kersey uncontrovertibly demonstrated in state post-conviction proceedings that trial counsel spent a total of 7½ hours out of court preparing for a trial culminating with the court imposing three life terms.(Return of Writ, Exhibit R). Obviously recognizing the indictment's flawed dates, counsel explained to the court at trial that the only evidence that he had to prove that the offenses did not occur on the date and at the location alleged was an arrest report with a conflicting address and did not want to present it because it would reveal Kersey had a prior record. (Return of Writ, Ex. F, Tr. 306).

Counsel's reasons fall short. Aside from the arrest report, there existed numerous ways to demonstrate that none of the parties were living at the address at the time charged. Post-

5

conviction counsel attached several documents to the petition demonstrating the offenses could not have occurred on the dates charged. Indeed, the state conceded during post-conviction proceedings that Kersey and his family did not live on Queen City Avenue at the time the offenses were charged to have occurred. (Return of Writ, Exhibit S at 5). The state further admitted that, "Clearly, defense counsel, if alerted to this situation by his client, should have obtained these exhibits and produced them at trial." (Return of Writ, Exhibit S at 5). Thus, there is no factual dispute regarding whether or not the charging instruments contained dates that could not possibly be correct. This renders Kersey's criminal conviction unreliable.

Magistrate Black did not address the 7½ hours of total preparation spent by counsel for a life-rape trial. While the amount of trial preparation is not directly related to the quality of representation, counsel's 30 minutes of pre-trial investigation certainly did not meet his duty to "make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. 691.

Magistrate Black further determined, in part, that Kersey "does not challenge the indictment as constitutionally flawed." (Report and Recommendation, p. 10). While Kersey does not specifically attack the indictment itself on constitutional grounds, its obvious flaw in charging dates on which the offenses undeniably could not have occurred, cannot be dismissed. Simply put, given the undisputed evidence submitted during state post-conviction proceedings, Kersey did not rape the victim at the time and location charged in the indictment. The Magistrate's explanation that the state "likely would have" or "could have" amended the indictment, fails to acknowledge that the state simply "did not."

Magistrate Black discounted Kersey's reliance upon Valentine v. United States, 285 F.Supp.2d 1011, 1024 (N.D. Ohio 2003), finding the two cases factually distinguishable. In

6

<u>Valentine</u>, the indictment charged 20 identical counts of rape, and 20 identical counts of felonious sexual penetration occurring over the same 322 day period. Finding that the indictment failed to protect against double jeopardy, the district court found in part:

> A criminal indictment serves several purposes. First, by identifying and defining the offenses of which the individual is accused, the indictment serves to protect the individual from future prosecutions for the same offense. <u>Russell v. United States</u>, 369 U.S. 749, 763-64, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). Under <u>Russell</u>, an indictment must (1) contain the elements of the offense charged; (2) provide the defendant adequate notice of the charges against which he must defend; and (3) provide protection against double jeopardy by enabling the defendant to plead an acquittal or conviction to bar future prosecutions for the same offense.

<u>Id</u>. at 1024-25.

The court found that Valentine's indictment "faile[d] to meet <u>Russell</u>'s third mandate, that an indictment provide protection against double jeopardy by enabling the defendant plead an acquittal or conviction to bar future prosecutions for the same offense. <u>Id</u> at 1026. Magistrate Black found that because the two charged assaults at issue in Kersey's case were factually dissimilar, i.e., one charged fellatio while the charged cunnilingus, <u>Valentine</u> was not on point.

This Court must disagree. The court granted Valentine's petition for a writ of habeas corpus, holding that lack of indictment specificity can be a violation of a defendant's due process rights, even in cases of child rape where specificity is often difficult. Valentine's indictment contained only the victim's name, the statutory elements of the crime, and declared a 322 day period of time in which the alleged offenses were to have occurred. Offense locations or specific dates of offenses were not mentioned. The court concluded that, under such indictment, the defendant could not adequately defend himself against the charges.

As applied to Kersey, <u>Valentine</u> stands for the proposition that the lack of indictment specificity can be a violation of due process. As such, the failure of trial counsel to investigate

7

this issue on the petitioner's behalf, prior to trial, demonstrates his ineffective assistance in violation of the Sixth Amendment to the United States Constitution.

Finally, in the instant case, the victim's testimony that the assaults occurred in 1995, when the state now concedes that could not have happened, goes directly to her credibility. The Magistrate's report acknowledges this fact, but gives it little discussion. However, like other similar cases, credibility played a major role in this case. The state offered testimony from the examining physician. He testified that the victim's hymen was no longer in tact. (Return of Writ, Ex. F, Tr. 253). However, he could not state when the hymen was broken admitting, "I would have no way to tell you the date and when the tear of her hymen occurred, other than it wasn't within the last few weeks." (Return of Writ, Ex. F, Tr. 255). The victim was twelve years-old and already menstruating when she was examined. (Return of Writ, Ex. F Tr. 249). Her credibility played a major role in the case.

In sum, the Sixth Amendment required the Government to inform Kersey of the nature and cause of the accusations against him. It did not. Rather, Kersey stands convicted of offenses which either (1) did not occur or (2) occurred at a time and location contrary to the jury's findings. Put differently, Kersey's jury never found that he committed the assaults in January 1996 on Queen City Avenue, nor was there any evidence that he did so.

Counsel's performance was both deficient and prejudicial under <u>Strickland</u> warranting habeas relief. Counsel's representation fell short of the Sixth Amendment, where he failed to investigate and subsequently demonstrate that the parties did not reside at the Queen City Avenue location at the alleged time. Counsel's failure resulted in the conviction of a crime which could not have occurred as charged or did not occur at all. Either situation warrants habeas relief.

## SECOND GROUND FOR RELIEF

**The trial court violated Mr. Kersey's Fifth and Fourteenth Amendment rights to due process of law when it denied him the opportunity to respond to the State's Motion to Dismiss before throwing out his post conviction claims.**

When a state opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the constitution—in particular, in accord with the Due Process Clause." Evitts v. Lucey, 469 U.S. 401 (1981). See also Griffin v. Illinois, 351 U.S. 12, 18 (1956). Ohio provides the remedy of postconviction relief. Ohio Revised Code §§2953.21-2953.23. (West 2004). Having opted to act, Ohio must provide post-conviction petitioners due process of law.

Kersey asserts in his Second Ground for Relief that the Ohio trial court's hasty procedure in denying his petition for post-conviction relief, before allowing him to timely respond as permitted by rule, denied him due process of law guaranteed under the Federal Constitution. The court summarily dismissed his post-conviction petition without the fair consideration required by Ohio statute and the United States Constitution, warranting habeas relief.

Magistrate Black determined that habeas corpus is not the proper means by which Kersey should challenge errors in his post-conviction proceeding because his claims address collateral matters and not the underlying conviction, relying in part upon Kirby v. Dutton 794 F.2d 245, 247 (6th Cir. 1986). (Report and Recommendation, p. 11).

However, Kirby is distinguishable from this case. In Kirby the petitioner claimed counsel rendered ineffective assistance during the actual post-conviction hearing. Here, Kersey does not allege he was denied effective assistance of counsel during the actual post-conviction proceedings. Rather, he properly utilized state post-conviction to assert the denial of the effective assistance of trial counsel. At the conclusion of those proceedings the trial court

9

adopted the state's proposed findings of fact an conclusions of law *in toto*. The trial court erred in adopting the state's proposed findings of fact and conclusions of law *in toto*, depriving Kersey of this constitutional rights under the Fifth and Fourteenth Amendments to the United States Constitution. Magistrate Black erred in finding otherwise.

### Certificate of Appealability

This Court should reject the Magistrate's determination that a certificate of appealability not issue. Kearsey has demonstrated a substantial showing of the denial of a constitutional right required under 28 U.S.C. §2253(c). Kersey need not demonstrate he would ultimately succeed on the merits. See <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000). He has shown, however, that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" <u>Miller-El v. Cockrell</u> 537 U.S. 322 (2003), (quoting <u>Slack</u> 529 U.S. at 84)(in turn quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Kersey stands convicted of offenses that the state concedes never occurred as charged in the indictment. Whether he received proper notice of the charge, notwithstanding the flawed indictment, and whether counsel performed deficiently in not demonstrating to the jury the that offenses could not have occurred as charged, are issues certainly worthy of federal appellate review. If this Court does not issue a writ of habeas corpus, Kersey has made a substantial showing of the denial of his constitutional rights to counsel and effective notice of the charges, warranting a certificate of appealability.

### CONCLUSION

This Court should overrule Magistrate Black's recommendation that a writ not issue. The Sixth Amendment of the United States Constitution and the Due Process clause of the Fourteenth

Amendment mandate that an indictment give one charged with a crime fair notice of the charges against him so as to permit adequate preparation of a defense.  The Sixth Amendment also guarantees the right to the effective assistance of counsel.  Here, the state has conceded that crimes did not occur as charged in the indictment.  Indeed, after the case was submitted to the jury, defense counsel found it necessary to explain to the court why he did not offer further evidence that the parties were not living in 1995 at the Queen City Avenue address.  Counsel's failure to fully demonstrate the flawed indictment *to the jury* resulted in the ineffective assistance of counsel. Further, Ohio has decided to provide a remedy of post-conviction relief.  Having opted in that field, it must act fairly. The Ohio trial court's summary dismissal of Kersey's post-conviction petition was not in accord of due process of law.

For these reasons, Kersey respectfully requests this Court issue a writ of habeas corpus.

    Respectfully submitted,

    DAVID H. BODIKER  #0016590
    Ohio Public Defender

    S/John Fenlon
    JOHN FENLON #0042395
    Assistant State Public Defender
    (Counsel Of Record)

    Office of the Ohio Public Defender
    8 East Long Street - 11th floor
    Columbus, Ohio 43215
    (614) 466-5394
    (614) 752-5167 (Fax)
    Email:  fenlonj@opd.state.oh.us

    COUNSEL FOR PETITIONER

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2004, a copy of the foregoing OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

 S/John Fenlon
JOHN FENLON #0042395
Assistant State Public Defender

COUNSEL FOR PETITIONER

201750